**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael H. Lynn, a single man, ) | No. CV05-970-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Robert L. Earle and Joy Earle, husband ) and wife and Phillip Dyson and Jane Doe ) Dyson, husband and wife, ) | |
| Defendants. ) | |

Pending before the Court are Defendants' motions to dismiss for lack of jurisdiction, Defendants Robert and Joy Earle's request for sanctions, Plaintiff's motion for leave to file a second amended complaint, and Defendants' motions to strike. Doc. ##12-14, 27, 35. The Court will dismiss the case for lack of jurisdiction, deny Plaintiff's motion to amend, and deny Defendants' request for sanctions and motions to strike.

**BACKGROUND**

Plaintiff commenced this action by filing a *pro se* complaint against Defendants on March 31, 2005. Doc. #1. Plaintiff alleged various state law claims including fraud, conspiracy to commit fraud, misrepresentation, negligence, breach of contract, breach of fiduciary duty, and malpractice. Doc. #11. Plaintiff filed a first amended complaint on December 16, 2005. *Id.*

Defendants Philip and Liane Dyson filed a motion to dismiss for lack of jurisdiction and a motion to strike the first amended complaint on January 5, 2006. Doc. ##13-14.

1 Defendants Robert and Joy Earle filed a motion to dismiss for lack of jurisdiction and a
2 request for Rule 11 sanctions on January 6, 2006. Doc. #12. Defendants argued that the case
3 lacks diversity jurisdiction because the parties are not completely diverse. *See* Doc. ##12,
4 14.

5 Plaintiff responded by seeking leave to file a second amended complaint. Doc. #27.
6 Plaintiff apologized for his mistake in asserting diversity jurisdiction and asserted that the
7 Court could exercise federal question jurisdiction based on implied rights of action under 18
8 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud), both of which are criminal statutes.
9 Doc. #27 at 9-11.

10 Defendants replied by arguing that no private rights of action exist under §§ 1341 and
11 1343. Docs. ##28 at 1-2, 29 at 2, 30 at 1. Plaintiff filed a further reply, which Defendants
12 Robert and Joy Earle moved to strike. Docs. ##34-35.

## DISCUSSION

### I. Diversity Jurisdiction.

15 Plaintiff asserts in his first amended complaint that the Court has diversity jurisdiction
16 pursuant to 28 U.S.C. § 1332. For such jurisdiction to exist, diversity must be complete.
17 *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The citizenship of each plaintiff must be
18 diverse from the citizenship of each defendant. *Id.*

19 Plaintiff and Defendants Robert and Joy Earle are residents of Arizona, a fact not
20 disputed by Plaintiff. Docs. ##11, 27. Because the parties are not completely diverse, the
21 Court lacks diversity jurisdiction. *See Tosco Corp. v. Cmty. for a Better Env't*, 236 F.3d 495,
22 502 (9th Cir. 2001) (affirming district court's dismissal because complete diversity did not
23 exist).

### II. Plaintiff's Motion for Leave to File a Second Amended Complaint.

25 Plaintiff seeks leave to file a second amended complaint to cure the jurisdictional
26 defect. Doc. #27. Federal Rule of Civil Procedure 15 declares that leave to amend shall be
27 freely given when justice so requires, and the Supreme Court has instructed that "this
28 mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A district court may,

1  however, take into consideration such factors as . . . "futility of the amendment, and whether
2  the party has previously amended his pleadings.'" *Morris v. District Court*, 363 F.3d 891,
3  894 (9th Cir. 2004) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

4  In this case, Plaintiff's attempt to cure the jurisdictional defect is futile. Plaintiff's
5  proposed second amended complaint seeks to establish a federal question basis for
6  jurisdiction by asserting claims for mail and wire fraud under 18 U.S.C. §§ 1341 and 1343.
7  These federal criminal statutes do not, however, create private causes of action.

8  At least three circuits have held that the mail fraud statute – § 1341 – does not create
9  an implied private right of action. *See Wisdom v. First Midwest Bank of Popular Bluff*, 167
10 F.3d 402, 407 (8th Cir. 1999); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir.
11 1979); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977). The sparse legislative
12 history "indicates that the original impetus behind the mail fraud statute was to protect the
13 people from schemes to deprive them of their money or property." *McNally v. United States*,
14 483 U.S. 350, 356 (1987). But "'the fact that a federal statute has been violated and some
15 person has been harmed does not automatically give rise to a private cause of action in favor
16 of that person.'" *Opera Plaza Residential Parcel Homeowner's Ass'n v. Hoang*, 376 F.3d
17 831, 834 (9th Cir. 2004) (quoting *Touch Ross & Co. v. Redington*, 442 U.S. 560, 568
18 (1979)). There must be some indication that Congress intended to create a private cause –
19 "at least a statutory basis for inferring that a civil cause of action of some sort lay in favor
20 of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975). In the case of § 1341, "[t]here is no clear
21 indication that Congress intended to create such a right." *Wisdom*, 167 F.3d at 408.

22 The same is true of the wire fraud statute. At least two circuits have concluded that
23 § 1343 creates no private right of action. *See id.*; *Napper v. Anderson, Henley, Shields,*
24 *Bradford, & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974). Defendant cites no contrary
25 authority.

26 The remainder of Plaintiff's proposed second amended complaint asserts the same
27 state causes of action contained in his first amended complaint – fraud, misrepresentation,
28

1 negligence, breach of contract, breach of fiduciary duty, and malpractice. Doc. #27. These
2 claims provide no basis for federal question jurisdiction.

3 Because Plaintiff's proposed second amended complaint does not present a valid
4 federal question, the Court concludes that amendment to cure the jurisdictional defect would
5 be futile. Plaintiff's motion to amend will therefore be denied.

6 Federal courts typically afford *pro se* plaintiffs notice of a complaint's deficiencies
7 and an opportunity to amend. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). For
8 three reasons, Plaintiff need not be afforded an additional opportunity to amend in this case.

9 First, Plaintiff was apprized of the jurisdictional defect, acknowledged it, and
10 attempted to amend. The proposed amendment did not cure the lack of subject matter
11 jurisdiction. Thus, Plaintiff has been afforded notice and an opportunity to amend, and yet
12 has failed to identify a legitimate basis for federal court jurisdiction.

13 Second, although *pro se*, Plaintiff is a frequent litigant in this Court.[1] He understands
14 the rules and jurisdictional limits of federal court.

15 Third, the Court understands that Plaintiff is an attorney. He has previously
16 represented parties in this Court. Plaintiff is not a typical *pro se* litigant.

17 **III.   Rule 11 Sanctions.**

18 Defendants Robert and Joy Earle ask the Court to grant sanctions against Plaintiff
19 pursuant to Rule 11. Doc. #12 at 4. Defendants, however, do not discuss Rule 11 or how
20 Plaintiff has violated it. They instead cite an Arizona case that concerns the award of
21 attorneys fees as damages in a conversion case, not sanctions under Rule 11. *See Collins v.*
22 *First Financial Services, Inc.*, 815 P.2d 411, 416 (Ariz. Ct. App. 1991). Because Defendants
23 have identified no basis for Rule 11 sanctions, the Court will deny their request.

---

[1] *See, e.g., Lynn v. Western Health Ins.*, CV 94-00150-ROS; *Lynn et al. v. Fann*, CV 98-01016-EHC; *Oxford Financial v. L&F Co.*, CV 96-00716-ROS (party); *FDIC v. Boynton Canyon Land, et al.*, CV 92-00805-DAE (party); *Lynn v. MetWest Mortgage Scv., et al.*, CV 03-02164-DGC.

**IV.     Defendants Motions to Strike.**

The Court did not rely on the documents Defendants seek to strike. The Court therefore will deny their motions as moot.

**IT IS ORDERED:**

1. Defendants' motions to dismiss for lack of jurisdiction (Docs. ##12-14) are **granted**.

2. Plaintiff's motion for leave to file a second amended complaint (Doc. #27) is **denied**.

3. Defendants Robert and Joy Earle's request for Rule 11 sanctions against Plaintiff (Doc. #12) is **denied**.

4. Defendants' motions to strike (Docs. ##13, 35) are **denied**.

5. The Clerk is directed to terminate this action.

DATED this 18th day of April, 2006.

*David G. Campbell*
United States District Judge